IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-01194 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| UNKNOWN ASSAILANTS, *et al.*, | ) MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Unknown Assailant, "Latin Man", and "White Woman girlfriend." (Doc. No. 1).

**I. FILING FEE**

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

1

According to Plaintiff's IFP Application, her monthly income totals $967 from Supplemental Social Security payments, she has no cash, she has no money in bank accounts, and her monthly expenses total $875. (*Id.*) Plaintiff represents that she is homeless and will pick up Court papers at the intake counter. Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

The complaint alleges that Plaintiff was the victim in a "Brothers" case. (Doc. No. 1 at 4). The "Latin man" and his friends "terrorized" Plaintiff, claiming to be "the brother using Brother's body image until [Plaintiff] made him confess[;] he killed the Brother unlawfully [and] used his body [for] unlawful embediment [sic]." (*Id.*)

The complaint further alleges that two "Brothers" were "run over from/by a white man in white truck. The white woman in this lawsuit set the brother up not to [sic] long after the white brother motorcycle got hit. She paid [and] sent a group of Black motorcycle men to take out the brother." (*Id.*)

According to the complaint, "the Latin man male female has a victim's vagina – saying

3

he's male and female. The white woman is copying me making fun of the killing of the two white motorcycle brothers." (*Id*. at 5).

The complaint seeks money damages "for the Brothers wrongful death case," punitive damages, and an injunction. (*Id*.)

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint cannot survive screening under Section 1915(e)(2).

First, Plaintiff's claims are barred by res judicata. Res judicata or "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020). *See Brownback v. King*, 592 U.S. 209, 215 n.3 (2021) (parties may not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action.").

On October 15, 2025, Plaintiff filed an action in this Court against the "Latin man", "White girlfriend", and others, raising some of the same allegations as those she raises in the instant case. *See Maney v. Latin man*, Case No. 3:25-cv-1193 (M.D. Tenn.) (Crenshaw, J.) (case dismissed 10/29/2025). Specifically, in Case No. 3:25-cv-1193, Plaintiff claimed that a "Latin man" committed a murder and "illegal embedment" and "body attachment" occurred. *Id.* (Doc. No. 5 at 3-4). The Court dismissed that case because Plaintiff's claims were frivolous or delusional. Moreover, there were no allegations in the complaint describing actions allegedly taken by the defendants. (*Id*. at 4).

Some of the claims Plaintiff raises in the instant lawsuit were raised and rejected in her previous lawsuit. Plaintiff is not entitled to another bite at the apple. Additionally, res judicata

4

prevents Plaintiff from raising issues in the instant case that could have been raised and decided in a prior action—even if they were not actually litigated (such as allegations about murders of motorcyclists). And to the extent res judicata does not apply, the complaint is still subject to dismissal as frivolous and delusional or on the alternative ground that the complaint fails to state a federal claim upon which relief may be granted.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE